MERRICK B. GARLAND
ATTORNEY GENERAL

| | |
|---|---|
| PHILIP R. SELLINGER<br>United States Attorney<br>MICHAEL E. CAMPION<br>Chief, Civil Rights Division<br>JUNIS L. BALDON<br>Assistant U.S. Attorney<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>Tel: (973) 645-2700 | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br>STEVEN H. ROSENBAUM<br>Chief, Special Litigation Section<br>LAURA L. COWALL<br>Deputy Chief, Special Litigation Section<br>MARLYSHA MYRTHIL<br>CURTIS HARRIS<br>Trial Attorneys, Special Litigation Section<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  PLAINTIFF,<br><br>v.<br><br>CUMBERLAND COUNTY, NEW JERSEY and<br>CUMBERLAND COUNTY<br>DEPARTMENT OF CORRECTIONS,<br><br>  DEFENDANTS. | Civil No. [ ] |

**COMPLAINT**

**(Civil Rights of Institutionalized Persons Act)**

PLAINTIFF, THE UNITED STATES OF AMERICA, by its undersigned attorneys, hereby alleges:

1. The United States files this Complaint pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j (CRIPA), to enjoin the Defendants, Cumberland County and the Cumberland County Department of Corrections, from depriving incarcerated persons in the Cumberland County Jail of rights, privileges, and immunities secured and protected by the Constitution of the United States. Specifically, the Defendants, in violation of the Eighth and Fourteenth Amendments, have a pattern or practice of failing to screen and identify incarcerated persons at risk of self-harm and suicide due to unmedicated opiate withdrawal, failing to provide sufficient screening to identify incarcerated persons at risk of self-harm or in need of mental health care for a serious mental health condition, and failing to provide incarcerated persons with sufficient mental health care. As a result of the Defendants' deliberate indifference, incarcerated persons at the Jail face a heightened risk of self-harm, which sometimes results in serious injury or death.

## PARTIES

2. Plaintiff United States of America, through the Attorney General, is charged with the enforcement of CRIPA, and brings this action under its enforcement authority, as set forth in 42 U.S.C. § 1997a(a). CRIPA authorizes the United States to bring a civil action whenever it has reasonable cause to believe that a political subdivision of a State is engaged in a pattern or practice that denies institutionalized persons any rights, privileges, or immunities protected by the Constitution or the laws of the United States. 42 U.S.C. § 1997a(a).

3. Defendant Cumberland County is a political subdivision of the State of New Jersey governed by the Cumberland County Board of Commissioners, which has authority to create and operate a county jail under New Jersey law. N.J. Stat. Ann. § 40:19A-1.

4. Defendant Cumberland County Department of Corrections is the county agency responsible for operating the Cumberland County Jail, which is located at 54 West Broad Street, Bridgeton, New Jersey 08302. The Jail is an "institution" as defined by CRIPA, 42 U.S.C. § 1997(1), and is responsible for the safety, care, custody, and control of incarcerated persons at the Jail. See 42 U.S.C. § 1997a. The Jail currently houses approximately 65 individuals, including pre-trial detainees and convicted defendants sentenced to short terms of imprisonment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 because it arises under the laws of the United States, and the United States brings this case as a plaintiff.

6. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a(a).

7. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint as Attachment A and is incorporated herein.

8. Venue in this Court is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the District of New Jersey.

## FACTUAL ALLEGATIONS

9. On June 15, 2018, the United States notified the Defendants that it was opening an investigation into the conditions of the Jail pursuant to CRIPA, including specifically whether the Jail violated the constitutional rights of incarcerated persons by failing to provide them adequate mental health care and to take other reasonable measures to prevent suicides by incarcerated persons.

10. The United States' investigation included on-site inspections with expert consultants, interviews of both staff and incarcerated persons at the Jail, and an extensive review of documents such as policies and procedures, medical records, incident reports, investigative reports, administrative audit reports, and training materials.

11. On January 14, 2021, the United States issued its Findings Report to the Defendants describing several unconstitutional conditions at the Jail related to the lack of adequate mental health care provided to incarcerated persons and identified minimum remedial measures to remedy those violations. The constitutional violations outlined in the Findings Report, which are longstanding and continued throughout the course of the United States' investigation, are described in Paragraphs 13 through 19. To date, the Defendants have not taken corrective actions sufficient to remedy the longstanding unconstitutional conditions identified in the Findings Report.

12. The Findings Report provided notice that the Defendants failed to take adequate measures to protect individuals in their custody from harm by failing to screen and identify incarcerated persons at risk of self-harm and suicide due to unmedicated opiate withdrawal, failing to provide sufficient screening to identify incarcerated persons at risk of self-harm

or in need of mental health care for a serious mental health condition, and failing to provide incarcerated persons with sufficient mental health care.

13. The Defendants failed to provide constitutionally adequate mental health care to individuals incarcerated in the Jail. Incarcerated persons often experienced delays in treatment, poor continuity of care, and minimal access to higher levels of care. In addition, the Defendants improperly used restraints on incarcerated persons in response to behavioral health emergencies, violating the constitutional rights of incarcerated persons suffering from mental illness by unduly punishing them.

14. The Defendants lacked constitutionally adequate measures to prevent inmate suicides. Specifically, the Defendants lacked constitutionally adequate measures to properly screen incarcerated persons for mental illness and suicide risks, or to properly classify and house incarcerated persons with mental illness, suicidal ideation, or experiencing opiate withdrawal. The Defendants also lacked constitutionally adequate policies and procedures that (a) prevent harm to incarcerated persons through the exercise of proper supervision, (b) place incarcerated persons contemplating suicide in safe and sanitary environments that limit access to anchor points, and (c) provide incarcerated persons with timely and necessary mental health care and medical treatment.

15. For example, under the Jail's mental health and suicide protocols, incarcerated persons on suicide watch were stripped naked and kept in an empty cell without any meaningful access to mental health care. Incarcerated persons subject to the protocols were denied the ability to shower or access to toiletry items such as toilet paper. Staff members at the Jail used the unduly harsh conditions of suicide watch to punish incarcerated persons and for reasons unrelated to mental health or suicidal thoughts. As a result, the Jail's mental health and

suicide protocols had the effect of deterring incarcerated persons from reporting suicidal thoughts and seeking treatment.

16. The lack of independent mental health professionals at the Jail to address mental health issues among incarcerated persons is also a central reason why the Jail's existing mental health and suicide protocols are constitutionally deficient. The lack of independent mental health professionals at the Jail results in incarcerated persons failing to receive care at clinically appropriate intervals, denies incarcerated persons with serious mental health issues access to individualized treatment plans, and deprives incarcerated persons of meaningful, and sometimes lifesaving, therapeutic interventions.

17. The Defendants also acted with deliberate indifference by categorically denying Medication-Assisted Treatment (MAT) to individuals in their custody suffering from Opioid Use Disorder from at least 2014 through 2020. During that time, at least six incarcerated persons died by suicide at the Jail after it either denied or failed to provide them access to MAT.

18. In February 2020, the Defendants, after receiving grant funding, maintained that the Jail began providing MAT to individuals in their custody who experienced or risked experiencing opiate withdrawal symptoms. However, the Defendants' grant for the MAT program is time-limited, and continues through June 2023. Whether the Defendants will receive additional funding to continue the MAT program at the Jail beyond June 2023 is unclear.

19. The factual allegations set forth in Paragraphs 13 through 18 have been obvious and known to the Defendants for a substantial period of time, yet they have been deliberately

indifferent to the health and safety of incarcerated persons by failing to adequately address those conditions described.

## COUNT I - PATTERN OR PRACTICE OF DEPRIVING INSTITUTIONALIZED PERSONS OF CONSTITUIONAL RIGHTS

20. The United States incorporates all prior paragraphs of the Complaint as if fully set forth herein.

21. Through the acts and omissions alleged in Paragraphs 13 through 19, the Defendants have violated the rights, privileges, and immunities of incarcerated persons at the Jail that are secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States.

22. Through the acts and omissions alleged in Paragraphs 13 through 19, the Defendants have engaged in a pattern or practice of conduct that deprives incarcerated persons at the Jail of rights, privileges, and immunities secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States.

23. Unless enjoined by this Court, the Defendants will continue to engage in the acts and omissions set forth in Paragraphs 13 through 19, which deprive incarcerated persons at the Jail of rights, privileges and immunities secured or protected by the Constitution of the United States.

## PRAYER FOR RELIEF

24. The Attorney General is authorized under 42 U.S.C. § 1997a to seek appropriate equitable relief.

25. WHEREFORE, the United States prays that this Court enters an order:

a.  declaring that the acts, omissions, and practices of the Defendants alleged above constitute a pattern or practice of conduct that deprives incarcerated persons at the Jail of rights, privileges, or immunities secured or protected by the Constitution of the United States, and that those acts, omissions, and practices violate the Constitution of the United States;

b.  enjoining the Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices alleged above;

c.  requiring the Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them, to take all action necessary to remedy unconstitutional conditions of confinement at the Jail and to ensure lawful conditions of confinement are afforded to incarcerated persons in the Defendants' custody currently and in the future; and

d.  granting such other and further equitable relief as it may deem just and proper.

FOR THE UNITED STATES:

MERRICK B. GARLAND
Attorney General

| | |
|---|---|
| PHILIP R. SELLINGER<br>United States Attorney<br>District of New Jersey | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| s/Michael E. Campion<br>MICHAEL E. CAMPION<br>Chief<br>Civil Rights Division<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>(973) 645-3141<br>michael.campion@usdoj.gov | s/Steven H. Rosenbaum<br>STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section |
| | s/Laura L. Cowall<br>LAURA L. COWALL<br>Deputy Chief<br>Special Litigation Section |
| | s/Marlysha Myrthil<br>MARLYSHA MYRTHIL<br>Senior Trial Attorney<br>Special Litigation Section |
| s/Junis L. Baldon<br>JUNIS L. BALDON<br>Assistant United States Attorney<br>Civil Rights Division<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>(973) 902-5441<br>junis.baldon2@usdoj.gov | s/Curtis Harris<br>CURTIS HARRIS<br>Trial Attorney<br>Special Litigation Section<br>950 Pennsylvania Avenue NW - 4CON<br>Washington, DC 20530 |

Dated this 17th day of May, 2023

## CERTIFICATE OF THE ATTORNEY GENERAL

I, Merrick B. Garland, Attorney General of the United States, certify that with regard to the foregoing Complaint, *United States of America v. Cumberland County, New Jersey, et al.*, the United States Department of Justice has complied with all subsections of 42 U.S.C. §§ 1997b(a)(1) and (a)(2). I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In addition, I certify that I have the "reasonable cause to believe" set forth in 42 U.S.C. § 1997a to initiate this action and that all prerequisites to the initiation of this suit under 42 U.S.C. §§ 1997a and 1997b have been met.

Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C. § 1997b(b), I am personally signing this Certificate.

Signed this 26th day of April, 2023, at Washington, D.C.

_____
MERRICK B. GARLAND
Attorney General of the United States